UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ISAAC T. WILSON,

Plaintiff,

v. Case No. 24-cv-1087-bhl

SGT. LEOPOLD, et al.,

Defendants.

---

**SCREENING ORDER**

---

Plaintiff Isaac T. Wilson, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Wilson's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Wilson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Wilson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $77.71. The Court will grant Wilson's motion for leave to proceed without prepaying the filing fee.

**SCREENING OF THE COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Wilson is an inmate at the Waupun Correctional Institution. Dkt. No. 1. Defendants are Sgt. Leopold, CO Stoffel, and CO Cline. *Id*. at 1. On July 9, 2023, while in the Restrictive Housing Unit (RHU), Wilson asked an upper range officer if he could make a phone call. *Id*. at 2-3. She

responded that she had to "check the call list." Later, she told Wilson that he was not on the call list and "walked away fast." *Id*. at 2. Wilson then yelled that he was suicidal and about to engage in self-harm, but "she completely ignored [him] knowing he was for real." *Id*. Wilson waited about 30 minutes, and no one showed up, so he began smashing his elbow against the wall until it was completely swollen and unable to move. *Id*. at 2-3. Wilson then cut himself in the arm for the next 30 minutes. *Id*. at 3. Wilson pressed the call button and told CO Cline that he was engaging in self-harm. *Id*. CO Cline responded, "how much blood is it you crybaby lil bitch?" *Id*. Wilson stated "a lot" but CO Cline did not send help, check on Wilson himself, or call the Psychological Services Unit (PSU) to place him on observation status. *Id*. Wilson continued to cut himself and bled so profusely that it caused him to throw up. *Id*. He later had to "patch up" his wound using his bedsheet. *Id*. Wilson later saw a nurse, but only one time, and he received no follow up appointments. *Id*. For relief, Wilson seeks monetary damages. *Id*. at 4.

## **THE COURT'S ANALYSIS**

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Failure to provide protection from suicide or self-harm may constitute an Eighth Amendment violation. *Eagen v. Dempsey*, 987 F.3d 667, 693-94 (7th Cir. 2021). To state a claim, Wilson must allege: (1) "he presented an objectively serious medical need;" and (2) "a defendant [ ] responded [ ] with deliberate indifference, thereby resulting in some injury." *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020) (citing *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016)). "All agree that suicide is an objectively serious medical condition…[and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." *Lord*, 952 F.3d at 904 (citing *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019)). A defendant responds with deliberate indifference when he or she "actually knew of and disregarded a substantial risk of harm." *Petties*, 836 F.3d at 728.

Wilson alleges that, on July 9, 2023, he told CO Cline that he was actively self-harming, but CO Cline did not send help, check on Wilson himself, or call PSU to place him on observation status. Instead, he called Wilson a derogatory name and ignored his requests for help. Wilson continued cutting himself and bled so much that he threw up; he eventually had to patch up his wound himself using his bedsheet. Based on these allegations, the Court can reasonably infer that CO Cline may have been deliberately indifferent towards Wilson's serious medical needs. Therefore, Wilson may proceed on an Eighth Amendment deliberate indifference claim against CO Cline in connection with the July 9, 2023 self-harm incident at the Waupun Correctional Institution.

The Court will dismiss Wilson's claims against Sgt. Leopold and CO Stoffel, however. Wilson does not allege any facts against either of these named defendants in his complaint. Because he has not alleged that either one was personally involved in the facts underling his claims he has not stated a claim against them. *Burks*, 555 F.3d at 594 ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of [others].").

## CONCLUSION

The Court finds that Wilson may proceed on an Eighth Amendment deliberate indifference claim against CO Cline in connection with the July 9, 2023 self-harm incident at the Waupun Correctional Institution.

**IT IS THEREFORE ORDERED** that Wilson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sgt. Leopold and CO Stoffel are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Wilson's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Cline.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Cline shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Wilson shall collect from his institution trust account the **$272.29** balance of the filing fee by collecting monthly payments from Wilson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Wilson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Wilson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Wilson is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Wilson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Wilson may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on October 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7